IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

STEPHEN M. BROWN,

        Plaintiff,

v.

GAINESVILLE BANK & TRUST, et al.,

        Defendants.

CIVIL ACTION NO.

2:06-CV-55-JEC



## ORDER

The above entitled action is presently before the Court on defendants' Motion for More Definite Statement [5].  The plaintiff has failed to respond to defendants' motion.  Thus, pursuant to Local Rule 7.1B, the motion is deemed to be unopposed.

IT IS HEREBY ORDERED that the defendants' Motion for More Definite Statement [5] is **GRANTED** as unopposed.

Defendants have noted that plaintiff's Complaint is verbose, unintelligible, vague, and ambiguous; they assert their inability to respond to such a pleading.  Motion for More Definite Statement [5] at 4.  The Court agrees.  Defendants have pointed out a number of defects in plaintiff's Complaint.  The plaintiff shall correct these defects in the revised Complaint that plaintiff shall file by **February 2, 2007.**

AO 72A
(Rev.8/82)

Specifically, in Paragraph 7, as well as in the caption of the Complaint, plaintiff refers to "Defendant(s) John Doe, Jane Doe and One Up, employees of Hulsey, Oliver & Mahar, LLP[.]" *See also* Paragraph 9. Defendants state that they have no idea what plaintiff means when he names these persons and hence, have no idea how to respond to such allegations. Plaintiff should specify, by name, the defendants against whom he has filed suit, in both the caption and body of the Complaint. As to the latter, plaintiff shall indicate which defendants did which acts alleged.

Second, defendants note that plaintiff makes illogical, conclusory references to alleged violations of the common law doctrines of champerty and maintenance. In Paragraph 8, plaintiff states, "Defendant Gainesville Bank & Trust (hereinafter 'Defendant Bank'), is party to this law suit by which the Bank pursues the claim in consideration of receiving part of the proceeds or part of the judgment ('Champerty'). Defendant Bank's action and/or support of this action are guided under 'Maintenance' by which the Bank maintains, supports, or promotes the litigation of another." These allegations are vague, ambiguous, and conclusory. Defendants contend that they cannot be expected to form a reasonable responsive pleading to this sort of unfocused pleading. The Court agrees.

Third, defendants note that plaintiff refers to laws and legal procedures, but gives no citation or indication to the specific legal

2

authority on which he relies.  See Paragraphs 11, 12, 27, 42, 72, 91, 92, 94, 95, 97, 100, and 101.

Fourth, defendants note that plaintiff refers to exhibits and attachments to the Complaint, but no exhibits or documents are attached to Plaintiff's Complaint.  *See* Paragraphs 16, 17, and 19.

Fifth, defendants contend that in various paragraphs, plaintiff makes allegations that are nonsensical.  *See* Paragraphs 19, 21, 41, 52, 59, 66, 85, 99, 100, and 109.  Defendants state that they cannot decipher the meaning of plaintiff's allegations.

Sixth, defendants note that in Paragraph 27, plaintiff refers to "the Contract," but does not attach a contract or give any further indication as to what document is being referenced.

Seventh, defendants point out that in Paragraph 51, plaintiff refers to "the complete file," but does not attach a file or give any further indication as to what document is being referenced.  *See also* Paragraphs 60, 62, 74, 75, and 113.

Eighth, defendants note that in Paragraph 56, plaintiff refers to "the Amount," but does not attach an exhibit or give any further indication as to what amount is being referenced.

Ninth, defendants state that in Paragraph 75, plaintiff refers to "Notice," but does not attach a notice or give any further indication as to what notice is being referenced.  *See also* Paragraph 79.

3

Given these numerous problems with plaintiff's Complaint, defendants have asked that plaintiff completely rewrite and refile his Complaint.   The Court agrees.   **By February 2, 20007,** the plaintiff shall refile a Complaint that is concise, to the point, and that contains no conclusory statements, but instead plain statements of the **specific facts and acts** that the plaintiff alleges to have occurred and why these acts entitle him to relief or constitute a tort or breach of contract.   Failure to file a lucid Complaint that meets the above concerns and directives will result in dismissal of the Complaint.

SO ORDERED, this ___10___ day of JANUARY, 2007.


JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

4